## SMITH v. EMPLOYERS FIRE INS. CO.
## SAME v. NORTH RIVER INS. CO.
## SAME v. HOME INS. CO.

### Nos. 950, 1027, 949.

District Court, N. D. Illinois, E. D.

March 23, 1940.

Kremer, Branand & Hayes, of Chicago, Ill., for plaintiff.

Burry, Johnstone, Peters & Dixon, of Chicago, Ill., for defendant.

HOLLY, District Judge.

The complaints in these cases allege that defendants had each issued a policy of insurance on a yacht on account of the owner, that plaintiff was the owner of the yacht and that after the issuance of the policies the yacht was damaged to an amount exceeding $84,000.

In each of these cases defendant has moved for a bill of particulars. The grounds for the motion are that defendants are informed that plaintiff had other insurance on his vessel, had been fully indemnified for his loss and has no interest in the suit; that if the particulars called for were given the fact that plaintiff had no financial or other interest in the litigation would appear upon the record, whereupon a motion to dismiss could be made and would have to be sustained, thereby ending the litigation promptly and with a minimum of expense.

While I favor a liberal interpretation of the rules, and an early determination of the issues involved in a case is greatly to be desired, I do not think I should attempt to change the rules laid down by the Supreme Court. In drafting these rules the committee which had the matter in charge carefully distinguished between information necessary to enable a party to reply to a pleading and that necessary to present its defense. The former may be obtained by a motion for a bill of particulars, Rule 12(e), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, the latter by interrogatories, Rule 33.

The motion for a bill of particulars will be denied. An order accordingly will be entered March 26, 1940.